| | |
|---|---|
| Megan F. Clontz | Aaron M. Kaufman |
| State Bar No. 24069703 | State Bar No. 24060067 |
| **SPENCER FANE LLP** | **GRAY REED** |
| 5700 Granite Parkway, Suite 650 | 1601 Elm Street, Suite 4600 |
| Plano, TX 75024 | Dallas, Texas 75201 |
| Telephone: (972) 324-0300 | Telephone: (214) 954-4135 |
| Facsimile: (972) 324-0301 | Facsimile: (214) 953-1332 |
| Email: mclontz@spencerfane.com | Email: akaufman@grayreed.com |

**COUNSEL FOR EXCEPTIONAL HEALTHCARE, INC.**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| In re: § | |
| § | **Case No. 24-30209-mvl13** |
| **Danielle Veronica Savoy** § | |
| § | **Chapter 13** |
| Debtors § | |

### EXCEPTIONAL HEALTHCARE, INC.'S OBJECTION
### TO CONFIRMATION OF DEBTOR'S CHAPTER 13 PLAN
### [Relates to Docket No. 12]

TO THE HONORABLE MICHELLE V. LARSON,
UNITED STATES BANKRUPTCY JUDGE:

Exceptional Healthcare, Inc. ("**Exceptional**"), a creditor and party in interest in the above-styled and numbered case, hereby files its Objection (the "**Objection**") to Confirmation of the Debtor's proposed Chapter 13 Plan [Docket. No. 12] (the "**Plan**"), and in support thereof would respectfully show the Court as follows:

### BACKGROUND

1. Danielle Veronica Savoy ("**Debtor**") commenced the above-captioned Chapter 13 case on January 25, 2024 (the "**Petition Date**"). Tom Powers is the duly appointed Chapter 13 Trustee (the "**Trustee**").

2. Prior to the Petition Date, Debtor was employed by Exceptional as the Vice President of Finance from September 2021 through May 2022. Following termination of the

Debtor's employment, Exceptional determined that the Debtor issued unauthorized payments to herself from Exceptional's bank account, failed to pay back a $10,000.00 loan issued to her by Exceptional, and made unauthorized purchases with Exceptional's credit card. Before the Petition Date, Exceptional commenced a lawsuit against the Debtor, which action remains pending. *See Exceptional Healthcare, Inc. v. Danielle Savoy*, Cause No. DC-22-12898, 192nd Judicial District Court of Dallas County, Texas.

3. In her Schedules of Assets and Liabilities, *see* Docket No. 13, the Debtor has inaccurately listed a claim owed to Gray Reed (Exceptional's counsel of record) in the undisputed, liquidated, non-contingent amount of $31,500. Contemporaneously with this Objection, Exceptional is filing a proof of claim seeking allowance of its claim in the amount of *no less* than $215,029.25. Exceptional reserves the right to seek a determination that such amounts are nondischargeable under 11 U. S. C. § 523(a).

4. Debtor filed her Plan on February 12, 2024, proposing to pay a base plan amount of $15,000.00 in monthly installments of $250.00 over sixty (60) months, with direct payments to Ally Financial, Inc. and Huntington State Bank in the amounts of $33,130.34 and $22,704.18, respectively, to maintain possession of two vehicles. *See* Docket No. 12.

5. A prehearing conference on confirmation of the Debtor's Plan is set on April 4, 2024, with a hearing on any unresolved pleadings to be held on April 4, 2024 at 2:00 p.m. CDT (the "**Confirmation Hearing**").

6. On March 15, 2024, the Trustee filed his Objection to Confirmation [Docket No. 24] (as supplemented by Docket No. 25, the "**Trustee's Objections**"), based on the following:

    a. The Plan does not meet the best interests of creditors test as required by 11 U.S.C. § 1325(a)(4);

    b. the plan does not meet the disposable income test as required by 11 U.S.C. § 1325(b);

    c. the Plan is not feasible under 11 U.S.C. § 1325(a)(6) because the Debtor does not propose to pay sufficient income to satisfy the IRS's claims and pay the minimum base calculated by the Trustee as $104,184.00;

    d. the Debtor has not complied with 11 U.S.C. §§ 1325(a)(9) and 1308;

    e. the Plan does not provide for the full payment, in deferred cash payments, of all claims entitled to priority under 11 U.S.C. § 507, per 11 U.S.C. § 1322(a)(2);

    f. the Plan has not been proposed in good faith per 11 U.S.C. §§ 1325(a)(3) or 1325(a)(7); and

    g. the Debtor is already delinquent in making payments required under her Plan and may not be able to make all payments required thereunder.

*See* Trustee's Objections, Docket Nos. 24 & 25.

## OBJECTION AND JOINDER

7. Exceptional hereby joins the Trustee's Objections for the reasons stated therein and requests that the Court deny confirmation of the Debtor's Plan.

8. Exceptional files this objection without limitation or waiver of any rights, claims, or defenses against the Debtor.

9. Exceptional reserves its right to amend this Objection at any time prior to the Confirmation Hearing or prior to any continued setting of the Confirmation Hearing.

WHEREFORE, Exceptional prays that the Court deny confirmation of the Debtor's Plan, and for all such further relief as is just.

Dated: April 2, 2024

*/s/ Megan F. Clontz*
Megan F. Clontz
State Bar No. 24069703
Spencer Fane LLP
5700 Granite Parkway, Suite 650
Plano, TX 75024
Telephone: (972) 324-0300
Facsimile: (972) 324-0301
Email: mclontz@spencerfane.com

and

Aaron M. Kaufman
State Bar No. 24060067
Gray Reed
1601 Elm Street, Suite 4600
Dallas, Texas 75201
Telephone: (214) 954-4135
Facsimile: (214) 953-1332
Email: akaufman@grayreed.com

**COUNSEL FOR EXCEPTIONAL HEALTHCARE, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on April 2, 2024, a true and correct copy of the foregoing was served upon all parties receiving notice via the Court's electronic transmission facilities and on the following parties by U.S. Mail.

*/s/ Megan F. Clontz*
Megan F. Clontz

*Debtor*
Danielle Veronica Savoy,
9246 Emberglow Lane,
Dallas, TX 75243

*Debtor*
Danielle Veronica Savoy
100 N Park Rd #1125
Reading, PA 19610

*Debtor's Attorney*
Leinart Law Firm
10670 N Central Expressway, Suite 320
Dallas, TX 75231

*Chapter 13 Trustee*
Thomas D. Powers
105 Decker Ct, Suite 1150
11th Floor
Irving, TX 75062